**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 10 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERTO COTA-MEZA,

Defendant - Appellant.

No. 03-3161

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. NO. 02-CR-10176-01-MLB)**

---

Kurt P. Kerns, Ariagno, Kerns, Mank & White, LLC, Wichita, Kansas, for Defendant -Appellant.

Matt Treaster, Assistant United States Attorney (Eric F. Melgren, United States Attorney, with him on the brief), Wichita, Kansas, for Plaintiff - Appellee.

---

Before **MURPHY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

## I.    INTRODUCTION

Defendant-appellant Roberto Cota-Meza was pulled over for a traffic violation. Upon return of his documents by the officer and being told that he was free to go, Cota-Meza consented to a search of the vehicle. The search revealed 18.8 kilograms of cocaine stowed in a hidden compartment under the front seats of the vehicle. Cota-Meza denied any knowledge of the cocaine.

Cota-Meza was charged with one count of possession with the intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. No fingerprints were found on the cocaine packages, and no fingerprint analysis was conducted on the minivan. As a consequence, fingerprint evidence was not available at trial.

The government did not videotape Cota-Meza's interrogations. Cota-Meza's interview with a DEA agent was audio-taped, but only the transcripts of that interview, not the audiotape itself, were produced at trial.

Cota-Meza was convicted after a jury trial and sentenced to 151 months' imprisonment and 5 years' supervised release. Cota-Meza argues on appeal that the district court abused its discretion when it gave two jury instructions. He also argues that the evidence at trial was insufficient to support his conviction. Exercising jurisdiction pursuant 28 U.S.C. § 1291, this court **affirms** Cota-Meza's conviction.

## II. BACKGROUND

Cota-Meza was traveling through Kansas on his way to Maine. He was driving a minivan which belonged to one Mario Quintero. Cota-Meza claims that he agreed to take the minivan to Maine at the request of Quintero, who promised him a job as a cook in Maine or money in return.

Officer Chris Tedder spotted Cota-Meza committing a traffic infraction and activated his lights and siren to stop Cota-Meza. Cota-Meza drove for a mile and a half before he stopped. As Officer Tedder approached the vehicle, he noticed Cota-Meza was "real fidgety" and rocking in his seat. Officer Tedder obtained Cota-Meza's driving documentation and noticed that Cota-Meza's hand was shaking as he provided his license. Officer Tedder asked Cota-Meza to step out of the vehicle and gave him a warning ticket.

Officer Tedder returned Cota-Meza's driver's license and registration and informed him that he was free to leave. Cota-Meza began to walk hurriedly back to the minivan. Officer Tedder then asked Cota-Meza if there was anything illegal in the van. Cota-Meza said, "No." When asked specifically about illegal drugs in the van, Cota-Meza paused, looked at the ground, and again responded "no" in a low tone.

Cota-Meza subsequently consented to a search of the vehicle. Officer Tedder found a hidden compartment concealing packages underneath the front

-3-

driver's and passenger's seats which contained a number of bundles totaling 18.8 kilograms of highly pure cocaine. When confronted about the hidden compartment, Cota-Meza hung his head and claimed to have no knowledge of it. At a later interview with a DEA agent, Cota-Meza again denied knowledge of the cocaine.

## III. DISCUSSION

This court reviews a district court's decision to give a particular jury instruction for an abuse of discretion and considers the instructions as a whole *de novo* to determine whether they accurately informed the jury of the governing law. *United States v. Soussi*, 316 F.3d 1095, 1106 (10th Cir. 2002). On review, this court merely determines whether the jury was misled by the instructions and whether it had an understanding of the issues and its duty to resolve those issues. *United States v. Jaynes*, 75 F.3d 1493, 1504 (10th Cir. 1996). If there is an instructional error, this court then determines whether or not it is harmless. *Soussi*, 316 F.3d at 1105. An instructional error is harmless unless the error had a substantial influence on the outcome of the trial or if the court is left in grave doubt as to its influence. *Id.* The conviction will stand if the error is harmless. *Id.*

## 1. *Jury Instruction on Permissive Inference*

The main issue in this case was whether Cota-Meza knew of the cocaine's presence in the vehicle. The challenged instruction stated:

> If you find that the government has proved beyond a reasonable doubt that defendant had sole possession of the van in which the cocaine was found, you may, but are not required to, infer that defendant had constructive possession of the cocaine.
> This inference does not relieve the government of its obligation to prove all of the elements of the offense beyond a reasonable doubt.

Cota-Meza argues that this jury instruction violated his due process rights because it emphasized his sole possession of the vehicle to the exclusion of all the other evidence presented in this case. Cota-Meza argues that this instruction favored the prosecution by discouraging the jury from considering all the evidence. Cota-Meza further claims that this instruction undermined the general presumption of an accused's innocence and requires a reversal of his conviction. He urges this court to follow a Ninth Circuit case in which the court exercised its supervisory power over the district court to declare a similar permissive inference instruction improper. *See United States v. Rubio-Villareal*, 967 F.2d 294, 298, 301 (9th Cir. 1992). Assuming, without deciding, that this Court has the authority to reverse Cota-Meza's conviction on the basis of supervisory power, we choose not to do so.

This court must first decide whether the presumption in the jury instruction is permissive or mandatory. *See County Court of Ulster County v. Allen*, 442 U.S.

140, 159 n.16, 160-61 (1979). The instruction in question is permissive because it tells the jury that it *may*, but is not required to, draw the inference of Cota-Meza's knowledge of the cocaine, and that it is not required to convict the defendant based on this inference alone. *See Ulster County*, 442 U.S. at 159 n.16 (instruction is permissive if it makes clear that the predicate facts do not have conclusive force as to the truth of the permitted conclusion); *United States v. Tecumseh*, 630 F.2d 749, 753 (10th Cir. 1980) (instruction telling jury that it may infer a fact is a permissive instruction). It further states that the jury is not required to infer constructive possession, thus leaving the jury discretion to determine the ultimate fact of guilt beyond a reasonable doubt independent of the inference. *See Tecumseh*, 630 F.2d at 754.

The district court did not abuse its discretion in choosing to give the above permissive inference jury instruction. A permissive inference instruction is valid if there is a rational connection between the fact that the prosecution proved and the ultimate fact presumed, and the latter is more likely than not to flow from the former. *Ulster County*, 442 U.S. at 165. We judge that likelihood not in the abstract but as applied to the specific case in which the instruction was given. *See id.* at 162-63. In this case, there was evidence indicating the owner of the drugs would not allow the vehicle to be used by someone who had no knowledge of the drugs: the drugs had an estimated street value of $2.6 million; the secret

compartment was operated by the passenger window control, making it readily discoverable by an unsuspecting passenger. Furthermore, there was evidence that Cota-Meza received payment for driving the vehicle. On these facts, we have no trouble concluding that the inference of Cota-Meza's constructive possession of the hidden drugs is more likely than not to flow from the undisputed fact of his sole possession of the minivan. The instruction is consistent with Tenth Circuit precedent which allows the jury to infer that the driver of a vehicle has knowledge of contraband in the vehicle. *See United States v. Levario*, 877 F.2d 1483, 1485-86 (10th Cir. 1989), *overruled on other grounds by Gozlon-Peretz v. United States*, 498 U.S. 395 (1991).[1]

The challenged jury instruction did not impermissibly shift the burden of proof to Cota-Meza. *See Ulster County*, 442 U.S. at 156-57 (permissive instructions cannot shift the burden of proof to the defendant or lessen the burden upon the government); *Tecumseh*, 630 F.2d at 754 (same). The instruction in the instant case states that the government had to prove all the elements of the crime

---

[1]*Levario* approved the inference in the context of a sufficiency of the evidence challenge, not a permissive inference instruction. In relying on it, we do not mean to suggest that standards governing the two contexts are the same. We leave for another the day the question of whether an inference could be rational enough to avoid reversal under this deferential standard but dubious enough that a judge could not properly recommend it, even permissively, to the jury.

beyond a reasonable doubt, including the permissive inference's underlying fact that the defendant was in sole possession of the minivan.

A *de novo* review of the jury instructions as a whole shows that they accurately informed the jury of the governing law. In this context, the challenged instruction neither undermines the jury's ability to deliberate nor prevents the jury from considering all the evidence. *See Rubio-Villareal*, 967 F.2d at 299 (jury instructions must not infringe on the jury's sole responsibility to evaluate *all* the evidence presented at trial). The jury was instructed to consider the jury instructions as a whole. The other instructions clearly stated that the government had to prove each element of the offense beyond a reasonable doubt. The jury was instructed to look at all the evidence presented in the case. It was also instructed that the defendant was presumed to be innocent, and that in giving the instructions, the court did not mean to express any view about how the jury should decide the case.

This court cautions that the permissive instruction in question is not a model of clarity, and this court would not have chosen to so instruct a jury. Permissive inference instructions such as the one at bar have been roundly criticized for encouraging the jury to convict on the basis of one damning fact without considering all of the other evidence. *See Rubio-Villareal*, 967 F.2d at 298. A better instruction would have stressed that the jury was permitted to draw

the inference only if in light of all of the other evidence, the defendant's sole possession of the vehicle convinced the jury beyond a reasonable doubt that he knew of the drugs. As noted above, however, the other instructions largely dispelled any possibility of misunderstanding. Therefore, despite this instruction's infirmities, the district court's decision to use it does not constitute an abuse of discretion in this case.

2. *Jury Instruction on Law Enforcement Methods*

Cota-Meza argues that Jury Instruction 24 sent a message to the jury that "it was okay that the government didn't fingerprint, that it didn't get video-recorders fixed or that [the] lost audio-tapes of Mr. Cota-Meza['s] interview were irrelevant." In turn, Cota-Meza argues, Instruction 24 prevented the jury from considering whether the government's failure to produce such evidence led to a reasonable doubt of his guilt. Cota-Meza claims that this instruction requires the reversal of his conviction.

Jury Instruction 24 provided:

> Evidence has been received regarding law enforcement methods and equipment used in the investigation of this case. Likewise, evidence has been received concerning enforcement methods and equipment which were not used in relation to the investigation.
> You may consider this evidence for the purpose of evaluating the weight of the evidence produced by the government and the credibility of law enforcement personnel involved in the investigation. However, there is no legal requirement that the government, through its enforcement agents, must use all known or

available crime detection methods or any particular type of equipment in its investigations.

This instruction does not constitute an abuse of discretion. This court will not reverse a district court's decision to give a particular jury instruction unless there is substantial doubt that the jury was fairly guided. *United States v. Valdez*, 225 F.3d 1137, 1139 (10th Cir. 2000). The challenged instruction does not misstate the law; Cota-Meza himself acknowledges that there is no legal requirement that law enforcement officers utilize every available investigative method. Merely because the instruction informs the jury that the utilization of all known investigative methods is not legally *required* does not prevent the jury from concluding that a failure to employ certain investigative methods nevertheless detracts from the credibility of the government's evidence. The instruction specifically notes that the jury can consider the manner in which the investigation was conducted for the purposes of evaluating the weight of the evidence produced by the government and the credibility of the testimony of the law enforcement personnel involved in the investigation. Other jury instructions further informed the jury that they were the sole judges of the credibility of witnesses and the weight to be given to evidence.

For all these reasons, there is no substantial doubt that the jury was fairly guided. Therefore, the district court did not abuse its discretion in giving Jury Instruction 24.

### 3. *Sufficiency of the Evidence*

This court reviews *de novo* the question of whether there is sufficient evidence to support a conviction. *Jaynes*, 75 F.3d at 1498. In considering the sufficiency of the evidence, this court looks at the evidence in the light most favorable to the government and determines whether enough evidence was presented at trial for a jury to find the defendant guilty beyond a reasonable doubt. *Id*.

Cota-Meza argues that there was insufficient evidence to convict him of the possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a). He notes that the main element at issue in this case was whether he knowingly possessed the cocaine. Cota-Meza argues that inferring such knowledge from his sole possession of the vehicle, without more, violates the presumption of innocence. Cota-Meza acknowledges, however, that this Court has held that it is permissible to infer that a driver of a vehicle has knowledge of the drugs hidden within it. *See Levario*, 877 F.2d at 1485-86. Cota-Meza nevertheless urges this court to adopt the Fifth Circuit's view that knowledgeable possession requires circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge. *See United States v. Anchondo-Sandoval*, 910 F.2d 1234, 1236 (5th Cir. 1990). Under this standard, possession of or control over a vehicle does not, standing alone, suffice to prove guilty knowledge. *See id.* This court declines the

invitation to abandon this circuit's precedent in favor of the Fifth Circuit approach.

Sufficient evidence was presented at trial to support Cota-Meza's conviction. This court has held that it is permissible to infer that the driver of a vehicle has knowledge of the contraband found within it. *Levario*, 877 F.2d at 1485-86. Cota-Meza was in sole possession of the vehicle in which the cocaine was found. Thus, the jury could reasonably infer that he had knowledge of the cocaine. *Id.*

Moreover, other evidence supports the inference that Cota-Meza knowingly possessed the cocaine with intent to distribute it. This court has repeatedly recognized that the value of drugs can support an inference of knowledge. *United States v. Rodriguez*, 192 F.3d 946, 950 (10th Cir. 1999); *United States v. Pollock*, 926 F.2d 1044, 1050 (10th Cir. 1991) (one million dollars worth of cocaine supports an inference of knowledge of the contraband). The hidden compartment of the minivan Cota-Meza was driving contained 18.8 kilograms of cocaine with a wholesale street value in excess of $2.6 million. Such a large amount of cocaine with a high street value supports a reasonable inference of Cota-Meza's knowledge of the presence of the contraband in the minivan.

Thus, there was sufficient evidence presented at trial for a reasonable jury to find Cota-Meza guilty of possessing cocaine with intent to distribute beyond a reasonable doubt.

## IV. CONCLUSION

For the foregoing reasons, this court **affirms** Cota-Meza's conviction.