F I L E D
United States Court of Appeals
Tenth Circuit

August 17, 2005

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SERGIO DURAN BADILLA,

Defendant-Appellant.

No. 03-2183
(CR-02-1791 MV)
(D. N.M.)

ON REMAND FROM THE
UNITED STATES SUPREME COURT

John D. Kaufmann, Attorney at Law, Tucson, Arizona, for Defendant-Appellant.

David N. Williams, Assistant United States Attorney (David C. Iglesias, United States Attorney, Norman Cairns, Assistant United States Attorney, on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

Before **SEYMOUR, HOLLOWAY,** and **MURPHY,** Circuit Judges.

**MURPHY**, Circuit Judge.

Sergio Duran Badilla was convicted by a jury of a single count of knowingly and intentionally possessing more than one hundred kilograms of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. The district court sentenced Badilla to seventy-eight months' imprisonment and four years' supervised release. Badilla brought an appeal to this court and raised the following three claims: (1) the district court erred in giving the jury an instruction allowing it to infer that Badilla knew about the presence of the marijuana in his vehicle because he was the driver and occupant of the vehicle; (2) the district court should have suppressed the marijuana as the fruit of an illegal search; and (3) the district court erred when it increased his base offense level by two levels for obstruction of justice. This court rejected Badilla's claims of error and affirmed both his conviction and his sentence. *United States v. Badilla*, 383 F.3d 1137 (10th Cir. 2004). Badilla petitioned the Supreme Court for a writ of certiorari. The Court granted certiorari, vacated our judgment, and remanded the case to this court for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). For the reasons set out below, we reinstate all portions of our prior decision with the exception of footnote two and again affirm Badilla's conviction and sentence.

This court asked the parties to file supplemental briefs addressing the impact of *Booker* on this case. In his supplemental *Booker* brief, Badilla asserts

-2-

as follows: (1) *Booker* mandates a reconsideration of the propriety of permissive inference jury instructions; and (2) pursuant to *Booker*, the district court erred in enhancing his sentence on the basis of judge-found facts. We address these assertions in turn.

Badilla was stopped at a permanent Border Patrol checkpoint in New Mexico. *Badilla*, 383 F.3d at 1139. He was the sole occupant of a pick-up truck that contained 217 kilograms of marijuana in a hidden compartment under the truck bed. *Id.* Badilla testified at trial that he was unaware of the marijuana until informed of its presence by the Border Patrol agents. *Id.* As to Badilla's knowledge, the district court instructed the jury as follows: "[w]ith respect to the question of whether or not a defendant knew that the controlled substance was present, you may—but are not required to—infer that the driver and sole occupant of a vehicle has knowledge of the controlled substance within it." *Id.* (quotation omitted). The district court further instructed the jury that

> (1) it must consider the jury instructions as a whole; (2) it should not assume that anything the judge said during trial expressed his opinion concerning the issues in the case; (3) it must arrive at its own fact findings; (4) it must consider all of the evidence; and (5) the government had the burden of proving Badilla's guilt beyond a reasonable doubt.

*Id.* at 1139-40.

On appeal from his conviction, Badilla argued that the district court had erred in giving the jury the permissive inference instruction. *Id.* at 1140. This

-3-

court rejected Badilla's contention, concluding that in the context of this particular case, the permissive inference instruction "[did] not undermine the jury's ability to deliberate, [did] not prevent the jury from considering all the evidence in the case, [did] not dilute the government's burden of proving guilt beyond a reasonable doubt, and [did] not shift the burden of proof to Badilla." *Id.* at 1141. In reaching this result, we relied on the Supreme Court's decision in *County Court of Ulster County v. Allen*, 442 U.S. 140 (1979). In *Ulster County*, the Court specifically noted that it "has required the party challenging [a permissive inference] to demonstrate its invalidity as applied to him." *Id.* at 157.

> Because [a] permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the "beyond a reasonable doubt" standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference. For only in that situation is there any risk that an explanation of the permissible inference to a jury, or its use by a jury, has caused the presumptively rational factfinder to make an erroneous factual determination.

*Id.* Based on the facts adduced at trial,[1] this court concluded that "the inference of Badilla's knowledge of the hidden drugs [was] more likely than not to flow from the undisputed fact of his sole possession of the truck." *Badilla*, 383 F.3d at 1140. Accordingly, we rejected Badilla's challenge to the permissive inference instruction. *Id.* at 1140-41.

In his supplemental brief, Badilla argues that this court's previous analysis of the permissive inference instruction is no longer sound in light of the decision in *Booker*. In particular, Badilla asserts that this court's resolution of his permissive-inference claim relied on a "judicial non-jury determination that one fact is more likely than not to flow from another fact." Badilla Supplemental Br. at 7; *see Badilla*, 383 F.3d at 1140 ("A permissive inference instruction is valid if there is a rational connection between the fact that the prosecution proved and the ultimate fact presumed, and the latter is more likely than not to flow from the

---

[1]As noted in the prior opinion,

> [t]he totality of the evidence in this case supports an inference that Badilla knew of the marijuana's presence in the vehicle. Badilla owned the truck. The marijuana had an estimated street value of at least $119,515, making it unlikely that the owner of the marijuana would allow it to be stored and transported in a vehicle which is owned and driven by someone who had no knowledge of its presence. The five-inch lift of the truck's cab and bed was visible from outside the vehicle, making the hidden compartment readily discoverable by Badilla. The large volume and weight of the marijuana further supports the inference that Badilla knew of its presence within his vehicle.

*United States v. Badilla*, 383 F.3d 1137, 1140 (10th Cir. 2004).

former.").  According to Badilla, judges have no right to make such a determination under *Booker*.  Badilla Supplemental Br. at 7 ("The judicial determination of 'more likely than not' is an invasion of the jury function and a violation of the Sixth Amendment.").

The problem with Badilla's argument is that it is squarely foreclosed by the Court's decision in *Ulster County*.  *Ulster County* makes clear that permissive inference instructions like the one at issue in this case do not invade the jury's factfinding function as long as there is a "rational way the trier could make the connection permitted by the inference."  442 U.S. at 157; *see also United States v. Cota-Meza*, 367 F.3d 1218, 1221-22 (discussing *Ulster County*).  Such a connection is rational in this case in light of the facts developed at trial.  *See supra* note 1 (setting out the totality of evidence in this case supporting an inference that Badilla knew of the marijuana's presence in the vehicle); *Ulster County*, 442 U.S. at 157 (holding that a party challenging a permissive inference instruction is required to demonstrate its invalidity as applied to him).  Contrary to Badilla's assertions, there is simply nothing in *Booker* that calls into question the Court's decision in *Ulster County*.[2]

_____

[2]Even assuming that there is some tension between *Booker* and *Ulster County*, a dubious assumption at best, this court is obligated to apply *Ulster County* to resolve Badilla's claims regarding the permissive inference instruction.  As the Supreme Court has made clear, "if a precedent of [the] Court has direct

(continued...)

-6-

Badilla also argues that he is entitled to resentencing in light of *Booker*. Because Badilla did not raise this claim before the district court, we review only for plain error. *United States v. Gonzalez-Huerta*, 403 U.S. 727, 732 (10th Cir. 2005) (en banc). "Under that test, before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) affects substantial rights." *United States v. Cotton*, 535 U.S. 625, 631 (2002) (quotations and alteration omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 631-32 (quotation and alteration omitted).

There are two distinct types of sentencing errors that a court could make in light of *Booker*. *Gonzalez-Huerta*, 403 F.3d at 731.[3] A sentencing court could

---

[2](...continued)
application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the] Court the prerogative of overruling its own decisions." *Agostini v. Felton*, 521 U.S. 203, 237 (1997) (quotation and alteration omitted).

[3]The dichotomous nature of *Booker* errors flows from the "unique" nature of the remedy adopted by the *Booker* court. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005) (en banc). As this court has noted,
    In *Booker*, the Court "reaffirm[ed its] holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. As a result, the Court held that mandatory

(continued...)

-7-

violate the Sixth Amendment "by relying upon judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily." *Id.* Alternatively, "a sentencing court could err by applying the Guidelines in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction." *Id.* at 731-32.

With this as background, Badilla argues that the district court committed *Booker* error when it increased his base offense level by two levels for obstruction of justice. The government concedes that the district court committed constitutional *Booker* error when it increased Badilla's offense level based on a judicial finding that Badilla lied to the jury at trial when he testified that he was

-------------------------------------------------------

[3](...continued)
application of the Guidelines violates the Sixth Amendment when judge-found facts, other than those of prior convictions, are employed to enhance a sentence. The Court constructed a unique remedy to this constitutional infirmity. It severed two provisions of the Sentencing Reform Act of 1984, codified at 18 U.S.C. § 3551 et seq. Namely, it excised 18 U.S.C. § 3553(b)(1), which made the imposition of a Guidelines sentence mandatory in the vast majority of cases, and those portions of 18 U.S.C. § 3742(e) that established standards of review on appeal. *Booker*, 125 S. Ct. at 764. Henceforth, courts are still required to consider the Guidelines in determining sentences, but they are not required to impose a sentence within the Guidelines range. *Id.*

*Gonzalez-Huerta*, 403 F.3d at 731.

unaware of the presence of the marijuana in the vehicle.[4] The propriety of the government's concession that the district court committed *constitutional Booker* error is far from clear.[5] As noted in this court's prior opinion, Badilla specifically testified at trial that he was unaware of the presence of the marijuana until he was informed by the Border Patrol agents that the dog had alerted. *Badilla*, 383 F.3d at 1139, 1141-42. In finding Badilla guilty of possession with intent to distribute, the jury must have necessarily found that Badilla's testimony on this key question was false. Thus, it could certainly be argued that the jury implicitly found beyond

---

[4]Although not raised by Badilla, the government also suggests the district court committed constitutional *Booker* error when it set Badilla's offense level by referencing the amount of marijuana Badilla possessed. *See generally* United States Sentencing Guideline ("U.S.S.G.") § 2D1.1 (setting out method of calculating offense levels in offenses involving drugs). The government's suggestion is unfounded. The district court did find, as noted by the government, that Badilla's offense of conviction involved 217 kilograms of marijuana. This judge-found-fact, however, had no ultimate impact on Badilla's offense level. Badilla was indicted and tried for possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Applying the beyond-a-reasonable-doubt standard, the jury found him guilty of this charge. The Guidelines prescribe a base offense level of twenty-six if the defendant possessed "[a]t least 100 KG but less than 400 KG of Marihuana." U.S.S.G. § 2D1.1(a)(3), (c)(7). Accordingly, using only the amount of marijuana found by the jury, Badilla's offense level was correctly set at twenty-six. Because all of the facts necessary to support an offense level of twenty-six for the crime of conviction were submitted to the jury and proven beyond a reasonable doubt, there is no constitutional *Booker* error with regard to the drug-quantity component of Badilla's offense level. *United States v. Booker*, 125 S. Ct. 738, 756 (2005).

[5]Because the district court treated the Guidelines as mandatory in sentencing Badilla, there is no doubt that the district court committed non-constitutional *Booker* error. *Gonzalez-Huerta*, 403 F.3d at 731-32.

a reasonable doubt the facts necessary to support the application of a U.S.S.G. § 3C1.1 adjustment for obstruction of justice. Nevertheless, it is unnecessary to resolve the propriety of the government's concession because, even utilizing the more relaxed plain-error standard applicable to constitutional errors, Badilla has failed to demonstrate his entitlement to relief. *See United States v. Trujillo-Terrazas*, 405 F.3d 814, 818 (10th Cir. 2005) (noting that the plain-error "analysis is relaxed when applied to potential constitutional error").

For those reasons set out above, we proceed under the assumption that the district court committed a constitutional *Booker* error when it increased Badilla's offense level by two levels for obstruction of justice. This error amounts to plain error sufficient to satisfy the first two prongs of the plain-error analysis. *United States v. Dazey*, 403 F.3d 1147, 1174-75 (10th Cir. 2005). Moving to the third prong of the plain-error analysis, Badilla has the burden of establishing that the district court's plain error affected his substantial rights. *Id.* at 1175 ("The burden to establish prejudice to substantial rights is on the party that failed to raise the issue below."). "For an error to have affected substantial rights, the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *Id.* (quotation omitted).

> In a case of constitutional *Booker* error, there are at least two ways a defendant can make this showing. First, if the defendant shows a reasonable probability that a jury applying a reasonable doubt standard would not have found the same material facts that a

-10-

judge found by a preponderance of the evidence, then the defendant successfully demonstrates that the error below affected his substantial rights. This inquiry requires the appellate court to review the evidence submitted at the sentencing hearing and the factual basis for any objection the defendant may have made to the facts on which the sentence was predicated. Second, a defendant may show that the district court's error affected his substantial rights by demonstrating a reasonable probability that, under the specific facts of his case as analyzed under the sentencing factors of 18 U.S.C. § 3553(a), the district court judge would reasonably impose a sentence outside the Guidelines range. For example, if during sentencing the district court expressed its view that the defendant's conduct, based on the record, did not warrant the minimum Guidelines sentence, this might well be sufficient to conclude that the defendant had shown that the *Booker* error affected the defendant's substantial rights.

*Dazey*, 403 F.3d at 1175 (footnotes omitted).

Badilla does not satisfy either of the two alternative methods of demonstrating an effect on substantial rights identified in *Dazey*. As to the second alternative identified in *Dazey*, Badilla does not point to any evidence in the record that the judge believed the Guidelines range was excessive in light of the record before the court. In fact, as candidly admitted by Badilla, "[t]he record in this case does not provide an answer to whether the judge would have imposed a different sentence had the [G]uidelines been viewed as advisory." Badilla Supplemental Br. at 9. Without any evidence in the record indicating that the district court would likely impose a sentence outside of the Guidelines range, Badilla falls back on a request that this court "remand the matter back to the trial judge for determination of whether his sentence would have been different under

-11-

non-mandatory [G]uidelines." *Id.* This court has specifically held, however, that such an approach is "inconsistent with plain error doctrine" because "plain error must be assessed based upon the record on appeal." *Gonzalez-Huerta*, 403 F.3d at 733 n.4.

Badilla does not even argue that he can establish that his substantial rights were affected under the first alternative identified in *Dazey*. In any event, a review of the record on appeal makes clear that the jury would most certainly have found beyond a reasonable doubt the predicate facts necessary to support the district court's obstruction of justice enhancement. As noted above, despite Badilla's trial testimony that he was unaware of the presence of marijuana in the vehicle, the jury found Badilla guilty of possession of more than 100 kilograms of marijuana with intent to distribute. Implicit in the jury's guilty verdict is a conclusion that Badilla lied on the witness stand about the central issue in the case.

Because there is no doubt that the jury would have found beyond a reasonable doubt the factual predicates necessary to support the district court's obstruction of justice enhancement and because there is no indication in the record on appeal that the district court would impose a sentence outside the Guidelines range, Badilla has not demonstrated that the application of that enhancement on the basis of judge-found facts affected this substantial rights. As

-12-

Badilla has failed to establish that his substantial rights were affected by the district court's application of the obstruction of justice enhancement, there is no need to proceed on to the fourth prong of the plain error analysis.

For those reasons set out above, this court reinstates all portions of our prior decision, with the exception of footnote two, and again affirms Badilla's conviction and sentence.