UNITED STATES of America, Plaintiff–Appellee,

v.

Sergio Duran BADILLA, Defendant–Appellant.

No. 03–2183.

United States Court of Appeals, Tenth Circuit.

Aug. 12, 2004.

Ordered Published Sept. 8, 2004.

John D. Kaufmann, Attorney at Law, Tucson, AZ, for Defendant–Appellant.

David N. Williams, Assistant United States Attorney (David C. Iglesias, United States Attorney, Norman Cairns, Assistant United States Attorney, on the brief), Albuquerque, NM, for Plaintiff–Appellee.

Before SEYMOUR, HOLLOWAY, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge.

## I. INTRODUCTION

Defendant-appellant Sergio Duran Badilla was indicted for knowingly and intentionally possessing more than one hundred kilograms of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. Badilla was found guilty after a jury trial. He was sentenced to seventy-eight months' imprisonment and four years' supervised release.

Badilla appeals both his conviction and sentence. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court **affirms** Badilla's conviction and sentence.

## II. BACKGROUND

Badilla was stopped at a permanent Border Patrol checkpoint in New Mexico. The checkpoint was approximately ninety-eight air miles from the New Mexico–Mexico border. Badilla was the sole occupant of a pick-up truck. Border patrol agent Pedro Antonio Reyes asked Badilla if he was the owner of the pick-up truck. Badilla responded that he was. Reyes noticed that the bed of Badilla's truck was unusually high and had been modified. Testimony at trial showed that the truck's bed and cab were lifted by approximately five inches, and that it was possible to tell that a lift kit had been installed by looking at the truck from the side. Badilla told Reyes that he had "not done anything to the truck."

Reyes asked for Badilla's consent to inspect the truck with his canine. Badilla said, "Sure, go ahead." The canine immediately alerted to the bed of the truck. Reyes looked under the bed of the truck to where the canine had alerted. Reyes noticed that the truck's bed had been modified. Another agent lifted the bed liner and Reyes detected the odor of marijuana emanating from the truck's bed. Reyes found two hundred and seventeen kilograms of marijuana, wrapped in thirty-seven individual bundles, in a hidden compartment which ran along the length of the truck bed. The street value of the marijuana ranged from $119,515 to $310,739. Badilla had $1016 in cash when he was arrested.

Badilla moved to suppress the marijuana. The district court denied the motion. At trial, Badilla testified, under oath, that he did not know the marijuana was in the truck until he "was told [by the Border Patrol Agent], after the dog."

The district court instructed the jury as follows: "[w]ith respect to the question of whether or not a defendant knew that the controlled substance was present, you may—but are not required to—infer that the driver and sole occupant of a vehicle has knowledge of the controlled substance within it." (hereafter "Jury Instruction 8(f)").

Badilla objected to Jury Instruction 8(f), arguing that it singled out one portion of the evidence and shifted the burden to him. The district court overruled the objection. The court also instructed the jury that: (1) it must consider the jury instructions as a whole; (2) it should not assume that anything the judge said during trial expressed his opinion concerning the issues in the case; (3) it must arrive at its own fact findings; (4) it must consider all of the evidence; and (5) the government

had the burden of proving Badilla's guilt beyond a reasonable doubt.

Over Badilla's objection, the district court adopted the Pre–Sentence Report's ("PSR") conclusion that Badilla lied on the stand when he testified that he did not know about the marijuana until he "was told, after the dog." The district court reasoned that "[y]ou just don't trust somebody with two hundred and seventeen kilograms of marijuana unless they're a trusted individual." As a consequence, the district court imposed a two-level increase to Badilla's base offense level for obstruction of justice pursuant to *United States Sentencing Commission Guidelines Manual* ("U.S.S.G.") § 3C1.1.

## III. DISCUSSION

### A. Permissive Inference Jury Instruction

■ This court reviews a district court's decision to give a particular jury instruction for an abuse of discretion and considers the instructions as a whole *de novo* to determine whether they accurately informed the jury of the governing law. *United States v. Cota–Meza*, 367 F.3d 1218, 1221 (10th Cir.2004). On review, this court merely determines whether the jury was misled by the instructions and whether it had an understanding of the issues and its duty to resolve those issues. *Id.*

This court must first decide whether the presumption in Jury Instruction 8(f) is permissive or mandatory. *Id.* Jury Instruction 8(f) is permissive because it makes clear that the jury *may* infer Badilla's knowledge of the marijuana from his sole possession of the vehicle. *Id.* It further states that the jury is not required to infer knowledge, thus leaving the jury discretion to determine the ultimate fact of guilt beyond a reasonable doubt independent of the inference. *Id.*

■ The district court did not abuse its discretion in giving Jury Instruction

8(f). A permissive inference instruction is valid if there is a rational connection between the fact that the prosecution proved and the ultimate fact presumed, and the latter is more likely than not to flow from the former. *Id.* at 1221–22. We judge that likelihood not in the abstract but as applied to the specific case in which the instruction was given. *Id.* at 1222. The totality of the evidence in this case supports an inference that Badilla knew of the marijuana's presence in the vehicle. Badilla owned the truck. The marijuana had an estimated street value of at least $119,515, making it unlikely that the owner of the marijuana would allow it to be stored and transported in a vehicle which is owned and driven by someone who had no knowledge of its presence. The five-inch lift of the truck's cab and bed was visible from outside the vehicle, making the hidden compartment readily discoverable by Badilla. The large volume and weight of the marijuana further supports the inference that Badilla knew of its presence within his vehicle. On these facts, the inference of Badilla's knowledge of the hidden drugs is more likely than not to flow from the undisputed fact of his sole possession of the truck. Moreover, the instruction is consistent with Tenth Circuit precedent which allows the jury to infer that the driver of a vehicle has knowledge of contraband in the vehicle. *Id.* (citing *United States v. Levario*, 877 F.2d 1483, 1485–86 (10th Cir.1989), *overruled on other grounds by Gozlon–Peretz v. United States*, 498 U.S. 395, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991)).

Jury Instruction 8(f) did not dilute the standard requiring proof beyond a reasonable doubt for conviction because, as demonstrated above, the jury could rationally make the connection permitted by the inference under the facts of this case. *See County Court of Ulster County v. Allen*, 442 U.S. 140, 157, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979) (holding that a permis-

sive inference instruction "affects the application of the beyond a reasonable doubt standard only if, under the facts of the case, there is no rational way the trier [of fact] could make the connection permitted by the inference"). Likewise, the instruction did not impermissibly shift the burden of proof to Badilla.

A *de novo* review of the jury instructions as a whole shows that they accurately informed the jury of the governing law. The jury was instructed to consider the instructions as a whole. The other instructions clearly stated that the government had the burden of proving Badilla guilty beyond a reasonable doubt. The jury was instructed to consider all the evidence admitted at trial. The court charged that the jury should not assume that anything it said during the trial expressed its opinion concerning any of the issues in the case. In this context, Jury Instruction 8(f) does not undermine the jury's ability to deliberate, does not prevent the jury from considering all the evidence in the case, does not dilute the government's burden of proving guilt beyond a reasonable doubt, and does not shift the burden of proof to Badilla. *See Cota–Meza,* 367 F.3d at 1222.

Nevertheless, this court cautions, as it did in *United States v. Cota–Meza,* that permissive inference jury instructions run the risk of "encouraging the jury to convict on the basis of one damning fact without considering all of the other evidence." *Id.* As noted above, however, the other instructions largely dispelled any possibility of misunderstanding. Therefore, the district court's decision to use Jury Instruction 8(f) does not constitute an abuse of discretion in this case. Moreover, assuming, without deciding, that this Court has the authority to reverse Badilla's conviction on the basis of our supervisory power, we choose not to do so because Badilla's trial preceded this court's opinion in *Cota–Meza.*

**B. Denial of Motion to Suppress**

■ In reviewing the denial of a motion to suppress, this court looks at the evidence in a light most favorable to the government. *United States v. Patten,* 183 F.3d 1190, 1193 (10th Cir.1999). The ultimate determination of reasonableness under the Fourth Amendment is reviewed *de novo. Id.*

Badilla argues that the marijuana should have been suppressed because it was obtained in violation of his Fourth Amendment rights. Badilla grounds this argument on the theory that he was unlawfully stopped at the Border Patrol checkpoint, and that the officers had no reasonable suspicion or probable cause to stop him otherwise. This argument is unavailing.

■ Badilla's Fourth Amendment rights were not violated by the stop at the Border Patrol checkpoint. Border Patrol agents can briefly detain vehicles in the absence of any individualized suspicion at reasonably located permanent checkpoints. *See United States v. Martinez–Fuerte,* 428 U.S. 543, 545, 562, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). This court has held that a Border Patrol checkpoint located within one-hundred miles from the border is at a reasonable distance therefrom. *United States v. Anderson,* 468 F.2d 1280, 1282 (10th Cir.1972);[1] *see also* 8 C.F.R.

---

1. Badilla requests that this court revisit its decision in *United States v. Anderson,* 468 F.2d 1280 (10th Cir.1972). Badilla argues that *Anderson's* holding that one-hundred air miles is a reasonable distance is "unconstitutional ... [because i]n the United States, approximately 80% of the population ... live[s] within" one-hundred air miles from the border.

Our holding in *Anderson,* however, is consistent with the Code of Federal Regulations. *See* 8 C.F.R. § 287.1(a)(2).

Moreover, the Supreme Court in *Martinez–Fuerte* noted that the Code of Federal Regulations in force at the time authorized Border Patrol agents to inspect vehicles for aliens

§ 287.1(a)(2). Badilla was stopped at a checkpoint ninety-eight air miles from the border, which is within a reasonable distance. Therefore, the stop at the Border Patrol checkpoint was constitutional.

■ Once stopped, Badilla voluntarily consented to the canine sniff. A canine alert gives rise to probable cause to search a vehicle. *United States v. Rosborough*, 366 F.3d 1145, 1152 (10th Cir.2004). Reyes' canine alerted to the truck's bed. This provided probable cause for the subsequent search of the bed. *Id.* Thus, the marijuana was not obtained in violation of Badilla's Fourth Amendment rights. The district court did not err in denying his motion to suppress.

## C. Sentencing Increase for Obstruction of Justice

■ This court reviews the district court's interpretations of the sentencing guidelines *de novo* and its factual findings for clear error. *United States v. Haw-*

*thorne*, 316 F.3d 1140, 1145 (10th Cir. 2003). A factual finding is not clearly erroneous unless it has no basis in the record. *United States v. Martin*, 163 F.3d 1212, 1217 (10th Cir.1998).

■ The district court did not err in applying a two-level increase to Badilla's base offense level for obstruction of justice.[2] A district court can constitutionally enhance a defendant's sentence pursuant to U.S.S.G. § 3C1.1 if, upon reviewing the evidence, it makes independent findings that establish a willful impediment or obstruction to justice. *United States v. Dunnigan*, 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). A willful impediment or obstruction to justice occurs when the defendant gives false testimony under oath concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory. *Id.* at 94, 113 S.Ct. 1111. A district court's findings regarding the obstruction of justice adjustment must en-

---

within one-hundred air miles of the border. 428 U.S. 543, 553 n. 8, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). The *Martinez–Fuerte* Court was not troubled by the reasonableness of the one-hundred air mile distance enumerated in the applicable regulation. *Id.* On the contrary, the Court specifically mentioned that "[t]he choice of checkpoint locations must be left largely to the discretion of Border Patrol officials, to be exercised in accordance with statutes and regulations that may be applicable." *Id.* at 559 n. 13, 96 S.Ct. 3074. Therefore, we find Badilla's argument unavailing and decline the invitation to reconsider *Anderson*.

2. On July 30, 2004, Badilla filed a Motion for Post–Submission Consideration challenging the constitutionality of the two-level increase to his sentence. Badilla argues that the Supreme Court's recent decision in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), requires that the enhancement to his sentence be found beyond a reasonable doubt by a jury. Because Badilla never raised this issue before the district court, this court reviews it only for plain

error. *See United States v. Cotton*, 535 U.S. 625, 629, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002).

We conclude that Badilla's argument is unavailing. This court will correct an error not raised before the district court only if: (1) there is an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 631, 122 S.Ct. 1781. Even assuming that there was an error that was plain, Badilla has failed to satisfy the fourth factor of the plain error analysis. The evidence that Badilla lied on the stand was overwhelming. To find Badilla guilty, the jury had to find that Badilla knew of the marijuana's presence in the vehicle before he "was told, after the dog." To reach this conclusion, the jury had to discredit Badilla's testimony to the contrary and therefore necessarily found that he lied on the stand. Under these circumstances, Badilla has failed to show that the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See id.* at 633, 122 S.Ct. 1781. Therefore, we decline to reverse Badilla's sentence under plain error review.

compass all of the factual predicates of perjury. *Hawthorne*, 316 F.3d at 1146. This circuit requires that the perjurious statement be identified, at least in substance. *Id.* The findings suffice if the elements of perjury are generally identified, in a line of questions and answers, such that this court is not forced to simply speculate on what the district court might have believed was the perjurious testimony. *See id.*

The district court made the requisite fact findings. At the sentencing hearing, the government argued that: "defendant's testimony ... when he was asked: 'When was the first time you realized there was marijuana in the truck you were driving?' And his answer was: 'When I was told, after the dog.' ... this was false and [ ] it was material because it went to the essential element of knowledge, and it did not come as a result of confusion or mistake." The district court replied "I agree with you." The government's argument encompasses each of the three elements of willful impediment or obstruction to justice. It specifically identifies the perjurious statement. The district court's response clearly adopts the government's argument as its factual findings. Although it would have been advisable for the district court to enumerate the fact findings itself, we hold that, in this context, the court's adoption of the government's argument suffices.

The district court's finding that Badilla willfully committed perjury is supported by the record. Badilla's sole possession of a visibly modified truck containing marijuana of such high value, volume and weight supports the inference that he knew of the marijuana's presence in his vehicle before he "was told, after the dog." Therefore, the district court's finding that Badilla willfully gave false testimony under oath is not clearly erroneous. The false testimony concerned the material issue of Badilla's knowledge of the marijuana's presence in his truck. Under these circumstances, the district court did not err in applying a two-level increase to Badilla's offense level pursuant to § 3C1.1.

## IV. CONCLUSION

For the foregoing reasons, this court **AFFIRMS** Badilla's conviction and sentence.