**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAYZJAUN CURRY,

    Defendant - Appellant.

No. 23-1047
(D.C. No. 1:22-CR-00147-RM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Law enforcement stopped Defendant Rayzjaun Curry, a felon, as he drove a vehicle he and his mother co-owned. The vehicle contained a concealed handgun, and a jury convicted Defendant with illegal possession of a firearm under 18 U.S.C. § 922(g)(1). Defendant appeals, claiming that because his mother co-owned the vehicle, the government did not meet its burden of showing he constructively possessed the firearm. Defendant also claims, contrary to our established precedent, that § 922(g)(1) violates the Second Amendment to the United States Constitution.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Our jurisdiction arises under 28 U.S.C. § 1291.  Because Defendant's arguments are without merit, we affirm.

I.

Law enforcement observed Defendant driving a vehicle with expired license plates and following too closely behind a school bus.  Officers initiated a traffic stop. Before approaching Defendant, officers discovered that the state registered the vehicle to both Defendant and his mother.  They also discovered that Defendant had a prior felony conviction.

During the traffic stop, officers searched the vehicle and observed a backpack on the front passenger seat.[1]  On top of the backpack lay Defendant's daughter's schoolwork and two fast food meals.  Inside the backpack, officers found a loaded handgun that Defendant's mother had purchased about a year earlier.  The backpack also contained marijuana, a digital scale, and cash. Elsewhere in the vehicle, officers found an adult-sized sweatshirt, two beanies, a hairbrush, a wallet containing some cards but no identification, and a bottle of cologne.  One of the officers identified the wallet, hairbrush, and cologne as men's items.

Based on state law prohibiting felons from owning firearms, officers arrested Defendant after they discovered the handgun.  Defendant called his mother to arrange

---

[1] Officers testified that they conducted a protective sweep of the vehicle for their safety because they observed Defendant reach toward the front passenger side of the vehicle and became concerned that he was concealing or reaching for a weapon in that area. The validity of the vehicle search is not at issue in this appeal.

care for his six-year-old daughter—the only passenger in the vehicle. While on the phone with his mother, Defendant referred to the vehicle first as "my car" and then as "the car."[2]

Defendant stood trial on one count of possessing a firearm and ammunition after a felony conviction in violation of 18 U.S.C. § 922(g)(1). At trial, after the government rested, Defendant moved for judgment of acquittal under Federal Rule of Criminal Procedure 29, arguing the government failed to prove knowledge. The district court denied the motion, and Defendant did not renew it after his case in chief. The jury convicted Defendant. Defendant appeals his conviction.

## II.

### A.

Defendant challenges the sufficiency of the evidence to support his conviction. Defendant did not preserve this issue at trial because he failed to renew his Rule 29 motion. See United States v. Freeman, 70 F.4th 1265, 1272–73 (10th Cir. 2023) (quoting United States v. Rufai, 732 F.3d 1175, 1189 (10th Cir. 2013)). So we review his arguments for plain error. Id. (quoting Rufai, 732 F.3d at 1189); Fed. R. Crim. P. 52(b).

But a "conviction in the absence of sufficient evidence will almost always satisfy all four plain-error requirements." United States v. Gallegos, 784 F.3d 1356, 1359 (10th Cir. 2015). So we apply our ordinary test for sufficiency of the evidence.

---

[2] Notably, Defendant never referred to the vehicle as his mother's car.

Id. (citing Rufai, 732 F.3d at 1189).  Evidence sufficiently supports a conviction if,

"after viewing the evidence in the light most favorable to the prosecution, *any*

rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt."  Cavazos v. Smith, 565 U.S. 1, 7 (2011) (quoting Jackson v.

Virginia, 443 U.S. 307, 319 (1979)).

B.

"To convict a person of being a felon in possession in violation of § 922(g)(1),

the government must prove: (1) the person had previously been convicted of a felony;

(2) he thereafter knowingly possessed a firearm; and (3) the possession was in or

affecting interstate commerce."  United States v. Samora, 954 F.3d 1286, 1290 (10th

Cir. 2020) (citing United States v. Benford, 875 F.3d 1007, 1015 (10th Cir. 2017)).

Defendant claims the government failed to present sufficient evidence as to one

element—that he knowingly possessed a firearm.  He thus urges us to vacate his

conviction and remand with instructions to dismiss his indictment.  But a rational

trier of fact could have found this element beyond a reasonable doubt.  So we affirm

his conviction.

Section 922(g) prohibits both actual possession and constructive possession of a

firearm.  Henderson v. United States, 575 U.S. 622, 626 (2015) (citing 2A K. O'Malley,

J. Grenig, & W. Lee, Federal Jury Practice and Instructions, Criminal § 39.12, p. 55 (6th

ed. 2009); Nat'l Safe Deposit Co. v. Stead, 232 U.S. 58, 67 (1914)).  The government

argues Defendant constructively possessed the firearm.  To prevail on appeal, the

government must identify evidence from which a rational trier of fact could find beyond a

4

reasonable doubt that Defendant knew about the firearm, had the power to control it, and intended to exercise control. See United States v. Little, 829 F.3d 1177, 1182 (10th Cir. 2016) (citing Henderson, 575 U.S. at 626).

In most cases, a jury may infer the defendant's knowledge, power, and intent to control a firearm if the defendant maintains exclusive possession of the premises on which law enforcement found the object.[3] United States v. Hishaw, 235 F.3d 565, 571 (10th Cir. 2000) (citing United States v. Mills, 29 F.3d 545, 549 (10th Cir. 1994)). Before allowing the inference, a court must determine that the specific facts of the case plausibly show the defendant's knowledge, power, and intent. Mills, 29 F.3d at 549–50 (evidence must plausibly support each element of the crime); Cnty. Ct. v. Allen, 442 U.S. 140, 157 (1979) (holding a rational trier of fact must be able to make the connection permitted by the inference).

The evidence at trial showed that Defendant exclusively controlled the vehicle. Defendant was the only adult in the vehicle.[4] He referred to the vehicle as "my car"— even when speaking to his mother, the other owner. An officer testified that the wallet, cologne, and hairbrush in the vehicle belonged to a man; the prosecution argued this showed that Defendant and not his mother used the car. No witness testified that

---

[3] Of course, a jury may still refuse to infer constructive possession. United States v. Cota-Meza, 367 F.3d 1218, 1221 (10th Cir. 2004) (citing Cnty. Ct. v. Allen, 442 U.S. 140, 157, 159 n.16, 160–61 (1979)).

[4] Defendant does not argue that his daughter's presence in the vehicle created joint occupancy.

Defendant's mother had ever used or controlled the vehicle or the items inside it.  This evidence sufficiently demonstrates exclusive control and would allow a rational juror to infer the knowledge, power, and intent necessary to find beyond a reasonable doubt that Defendant constructively possessed the firearm.

Defendant argues that because he and his mother jointly owned the vehicle, we must presume they jointly occupied it—even though his mother was not physically present.  So, Defendant contends, the jury could not infer constructive possession merely from Defendant's occupancy of the vehicle; instead, the government had to additionally show a nexus between Defendant and the firearm to prove he constructively possessed it.

Defendant is correct that where more than one person jointly occupies a vehicle or structure, a jury may not simply infer constructive possession based on an occupant's shared control over the area containing a firearm.  United States v. Stepp, 89 F.4th 826, 832 (10th Cir. 2023) (quoting Benford, 875 F.3d at 1015).  Instead, when evidence shows that a defendant and another person jointly occupied the space containing a firearm, the government must prove a specific nexus between the defendant and the firearm.  Id. (quoting Benford, 875 F.3d at 1015); see also United States v. Heckard, 238 F.3d 1222, 1228 (10th Cir. 2001) (holding jury may not infer elements of constructive possession from joint occupancy alone).  And evidence of co-occupancy or proximity do not alone suffice to show this nexus.  United States v. Roach, 582 F.3d 1192, 1205 (10th Cir. 2009) (first quoting United States v. Reece, 86 F.3d 994, 996 (10th Cir. 1996); and then citing United States v. Jameson, 478 F.3d 1204, 1209–10 (10th Cir. 2007)).

Most of the case law on which Defendant relies involves instances where multiple people are physically present in a vehicle or home. E.g., Hishaw, 235 F.3d at 567, 572 (concluding government must show nexus under the joint occupancy rule when passenger rode in the front seat and no evidence showed the extent of the defendant's control); see also United States v. McKissick, 204 F.3d 1282, 1291 (10th Cir. 2000) (concluding case involved joint occupancy when two adults occupied a vehicle). And where there is not simultaneous occupancy of a vehicle or structure, we have required the government to prove a nexus between the defendant and a firearm with contextual evidence showing actual occupancy or control by another person.

For example, in Samora, 954 F.3d at 1290–91, we found joint occupancy where the defendant drove a car his ex-girlfriend regularly drove and which he had borrowed from her earlier that day. And in United States v. Simpson, 845 F.3d 1039, 1061 (10th Cir. 2017), we assumed joint occupancy when law enforcement encountered the defendant alone inside his wife's vehicle parked within the curtilage of their jointly occupied home, and in the context of evidence showing his wife exercised control over the vehicle.[5] See Opening Brief of Defendant-Appellant at 4, 8, Simpson, 845 F.3d 1039 (No. 15-1295), 2016 WL 692964, at *4, *8.

As these cases demonstrate, joint occupancy requires more than a mere name on a car's title. Instead, there must be some evidence that another person actually

---

[5] The government did not argue against joint occupancy. Supplemental Answer Brief of Plaintiff-Appellee at 1, 6–9, Simpson, 845 F.3d 1039 (No. 15-1295), 2016 WL 5942954, at *1, *6–*9.

used or controlled the vehicle.  Indeed, our established precedent is clear that ownership and possession are legally distinct.  United States v. Bagby, 696 F.3d 1074, 1081 (10th Cir. 2012) (quoting United States v. King, 632 F.3d 646, 653 (10th Cir. 2011)).  Although ownership generally includes the right of possession, an owner of personal property may cede or choose not to exercise her right of possession.  Henderson, 575 U.S. at 626 (a person may legally own an item without possessing it at all).  So evidence of joint ownership alone is insufficient to create a presumption that each owner actually used or controlled a vehicle.

Defendant relies solely on the fact that he and his mother jointly owned the vehicle to create what he frames as a presumption of joint occupancy.  But, as discussed above, evidence of his mother's co-ownership does not establish that she used or controlled the vehicle.  And, as Defendant conceded at oral argument, no other evidence showed that Defendant's mother had ever used or controlled the vehicle.  Thus, we reject his position that the government must show a further nexus between Defendant and the firearm.

Ultimately, Defendant exclusively possessed the vehicle that contained a firearm. The evidence supported inferences that allowed a rational trier of fact to find each element of constructive possession beyond a reasonable doubt.  Thus, the evidence sufficiently supports Defendant's conviction.

### III.

Defendant also brings a constitutional challenge on appeal, arguing that 18 U.S.C. § 922(g)(1) violates the Second Amendment.  See New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1 (2022).  Defendant acknowledges that

our precedent forecloses his argument, and he brings his facial challenge for preservation only.[6]

Defendant is correct. Prior to the decision in Bruen, we "squarely upheld the constitutionality" of § 922(g)(1) in United States v. McCane, 573 F.3d 1037, 1047 (10th Cir. 2009). And after the Supreme Court decided Bruen, we decided Vincent v. Garland, 80 F.4th 1197, 1200–02 (10th Cir. 2023), holding that McCane still requires this court to uphold the constitutionality of § 922(g)(1) because Bruen didn't expressly overrule or clearly abrogate McCane. Without en banc consideration or clear Supreme Court directive, Vincent and McCane control.[7]

---

[6] Defendant did not raise his facial constitutional challenge to § 922(g) to the district court. We have held that facial challenges to a statute's constitutionality are not jurisdictional and instead "rest[] on a defect in the indictment." United States v. Herrera, 51 F.4th 1226, 1284 (10th Cir. 2022), cert. denied, 143 S. Ct. 2623 (2023). Defendants generally must raise defects in an indictment before trial or show good cause for their failure. Fed. R. Crim. P. 12(b)(3),(c); see also United States v. Bowline, 917 F.3d 1227, 1237 (10th Cir. 2019) (applying Rule 12 on appeal). Because our holding in Vincent v. Garland, 80 F.4th 1197, 1200–02 (10th Cir. 2023), clearly forecloses Defendant's constitutional challenge to § 922(g), we affirm without deciding whether Defendant has demonstrated good cause under Rule 12(c).

[7] The Supreme Court's recent holding in United States v. Rahimi, No. 22–915, 602 U.S. __ (U.S. June 21, 2024), slip. op., does not "indisputably and pellucidly abrogate" Vincent and McCane and thus does not alter this result. See Vincent, 80 F.4th 1202.

AFFIRMED.[8]

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[8] In a separate filing, Defendant asks us for a limited remand so the district court may reconsider his sentence based upon recent amendments to the sentencing guidelines.  With the filing of this order and judgment, Defendant no longer requires a remand for the district court to reconsider his sentence.  Defendant's motion for limited remand is, therefore, DENIED AS MOOT.