**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | Nos. 02-3307 and 02-3312 |
| v. | (D. Kan.) |
| DENNIS W. VAUGHAN III, | (D.C. No. 01-CR-20111-01-KHV) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT** *

Before **EBEL** and **TYMKOVICH** , Circuit Judges, and **HEATON** ,** District Judge.

Dennis Vaughan was convicted and sentenced for criminal contempt, conspiracy to commit wire fraud, and money laundering. On appeal he argues that (1) the district court erred by (a) imposing a sentence that exceeds the statutory maximum because of a clerical error, and (b) failing to allow

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**Joe Heaton, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

substitution of counsel, and that (2) the government breached its plea agreement. He also argues in supplemental briefing that (3) his sentence violated his Sixth Amendment rights as interpreted by the Supreme Court in *Blakely v. Washington*, __U.S. __,124 S. Ct. 2531, 159 L.Ed.2d 403 (2004). We affirm but remand for the limited purpose of correcting a clerical error related to sentencing.

## I. Background

In the mid-1990s, Vaughan and others operated Parade of Toys, Inc., a company that sold toy distributorships. Through Parade of Toys, Vaughan devised a scheme to defraud potential customers: When potential customers would inquire into purchasing a toy distributorship, Parade of Toys would refer them to employees posing as past customers; these employees, after falsely representing to the potential purchasers that the employees' fictional distributorships had performed well, would then recommend investing in one. In this way, Parade of Toys fraudulently increased its sales.

The Federal Trade Commission (FTC) filed a civil injunction against Vaughan in 1997 in the District of Kansas. In 1998, the district court entered an Order of Permanent Injunction banning Vaughan from promoting or selling business ventures and requiring him to notify the FTC within 30 days of any change in his business employment for a period of seven years. One year later, however, Vaughan initiated a similar marketing scheme on behalf of a company

called Government Careers Center, Inc.

In early 2001, Vaughan was charged with criminal contempt in violation of 18 U.S.C. § 401 in the District of Kansas. The indictment alleged that Vaughan had violated the 1998 injunction by selling business ventures and failing to notify the FTC of his change of employment. Later in 2001, Vaughan was charged in a separate indictment with conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1371 and money laundering in violation of 18 U.S.C. § 1957.

Vaughan retained as his criminal defense counsel a Philadelphia lawyer, Walter Cohen. Cohen helped negotiate a plea agreement with the government attorneys prosecuting each case. After Vaughan signed a written plea agreement, separate plea hearings as to each case took place in district court on January 22, 2002. Cohen arranged for a local attorney, Glenn Froelich, to represent Vaughan at both plea hearings in Kansas. Vaughan pled guilty to all charges at each hearing. The district court later consolidated the two cases for sentencing.

On April 26, 2002, Froelich filed two motions. First, he filed a motion on Vaughan's behalf to appoint a public defender to replace Cohen. The motion alleged that Vaughan had been unable to communicate with Cohen since the January plea hearing, and, although Cohen had been paid for legal services, Vaughan was now indigent and could not pay future legal expenses. Second, Froelich filed a motion on his own behalf to withdraw on the grounds that he (i)

had not yet been paid for his legal services, (ii) did not believe he could effectively represent Vaughan as solo counsel without Cohen's assistance, and (iii) was having trouble communicating with Cohen. The United States opposed the motions.

At a hearing on the motions, the court found, first, that Vaughan had already paid Cohen for Cohen's legal services and that Froelich's failure to be paid was therefore a civil matter between him and Cohen. Second, the court found that Froelich was competent to represent Vaughan as co-counsel at sentencing. Third, after a colloquy with Froelich, the court found that no complete breakdown of communication that could not be cured had yet occurred between Froelich and Cohen. To address the lack of communication between Froelich and Cohen, the court ordered Cohen to meet with the Probation Department if asked and to attend all future court proceedings in person. Because Froelich and Cohen could continue to jointly represent Vaughan in future proceedings, the court denied Froelich's motion to withdraw and denied the request for substitute counsel.

Just before the sentencing hearing, Froelich moved on Vaughan's behalf to withdraw his guilty pleas. At a hearing on the motion, the court denied the motion as a case "of buyer's remorse" and proceeded to sentence Vaughan to concurrent sentences of 60 months on four counts of criminal contempt, 60

months on one count of conspiracy to commit wire fraud, and 84 months on three counts of money laundering. In its judgment and commitment order, however, the court erroneously recorded Vaughan's 84-month sentence as being for each of the counts.

Vaughan then filed a pro se notice of appeal. Both Cohen and Froelich filed motions to withdraw as counsel, which the court granted. A federal public defender was appointed to represent Vaughan on appeal.

## II. Clerical Error in the Judgment and Commitment Order

When a judgment and commitment order contains a clerical error, we may remand for correction. Fed. R. Crim. Proc. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."). Although at the hearing the district court sentenced Vaughan to 60 months on one count of conspiracy to commit wire fraud and 84 months on three counts of money laundering, the judgment and commitment order mistakenly described Vaughan's sentence as 84 months on all four of the counts. *Id.*[1] The parties agree that this was an error by the court. Given that the sentences will run concurrently rather than consecutively, a

---

[1] The district court also sentenced Vaughan in the other case to 60 months on the four counts of criminal contempt.

correction will not reduce the amount of time Vaughan will spend in prison. We nonetheless remand for the limited purpose of correcting the error.

### III. Substitution of Counsel

We review for abuse of discretion a district court's refusal to substitute counsel. *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002). To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust verdict. *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir. 1987).

*Retained Counsel Cohen.* Vaughan first argues that a breakdown of direct communications with Cohen compromised his defense. Throughout these proceedings, however, Vaughan had two lawyers, and he does not argue that he was unable at any time to at least communicate with Froelich, his local counsel. And the record shows, in any event, that Froelich was communicating with Cohen at the time of the request for new counsel. More notably, Cohen never moved to withdraw as counsel. Vaughan thus could communicate with at least one member of his defense team at all times.

We must also reject Vaughan's specific contention that he could not communicate effectively with Cohen. We determine whether a complete breakdown of communications has occurred by examining, among other things,

(1) whether the defendant's request was timely; (2) whether the trial court adequately inquired into defendant's reasons for making the request; (3) whether the defendant-attorney conflict was so great that it led to a total lack of communication precluding an adequate defense; and (4) whether the defendant substantially and unreasonably contributed to the communication breakdown. *Romero v. Furlong*, 215 F.3d 1107, 1113 (10th Cir. 2000).

Vaughan claims that his difficulties in communicating with Cohen satisfy all four *Romero* factors. There is no real dispute as to the first, second, and fourth factors, as the motion was timely, the court conducted a prompt hearing, and Vaughan did not contribute to the communication problems. As to the third factor, however, we agree with the district court that Vaughan has not shown a total lack of communication precluding an adequate defense.

At the time the district court conducted a hearing on the motion for substitution of counsel, no evidence existed that any failure of communication had affected Vaughan's substantial rights. Vaughan had already entered his guilty pleas before any alleged communications difficulties and the court had not yet proceeded to sentencing. Therefore, any communication problems at that point could not have materially affected Vaughan's ability to mount an adequate defense.

As for the upcoming sentencing hearing, the district court found that it

-7-

could cure any future communication difficulties by ordering Cohen to (a) "personally attend all future court hearings in this matter," (b) "meet with the Probation Office personally if the Probation Office requests such a meeting for purposes of working out any objections to the PSIR," and (c) "discharge all of his ethical obligations to his client and to participate to the full extent in whatever sentencing proceedings remain to be conducted in this case and to zealously protect the rights of his client." We have held that curative instructions can be used by trial judges to remedy claims of ineffective communication between client and lawyer. *See United States v. Anderson*, 189 F.3d 1202, 1210 (10th Cir. 1999). It is undisputed that Cohen complied with the district court's orders in this case.

Cohen and Froelich both appeared at the sentencing hearing and made arguments on Vaughan's behalf. Furthermore, Vaughan has not shown that any communication difficulties prevented either Cohen or Froelich from preparing for the hearing. In sum, Vaughan has not satisfied the third *Romero* factor with respect to Cohen's representation. Therefore, the district court did not abuse its discretion in failing to grant substitution of counsel with respect to Cohen.

*Local Counsel Froelich.* Vaughan also argues that Froelich showed "good cause" to withdraw under *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002). He claims that Froelich's lack of experience in criminal matters created

circumstances that lead to an inadequate defense. Again, we disagree.

Although Froelich, a tax lawyer by specialty, claimed that he was inexperienced in criminal sentencing matters and stated that he was "in over his head," Aplt. Br. at 42, the district court found that he could still render effective legal assistance. In particular, the court told Froelich that nothing in the case "really requires [special] expertise in the criminal law. You've [Froelich] second chaired Mr. Cohen, you've conducted this hearing, you did a fine job with that, there's no particularly sophisticated issues of criminal law that were involved here today. So it seems to me that what we do is get Mr. Cohen back here to finish his representation, you continue to serve as second chair, and we'll get this sentencing completed . . . ."

We have held that "[a]n attorney with little or no prior experience certainly can render effective assistance." *Cooks v. Ward*, 165 F.3d 1283, 1293 n.5 (10th Cir. 1998); *see also Fields v. Gibson*, 277 F.3d 1203, 1215 n.7 (10th Cir. 2002) ("[C]ompetent defense may be accomplished by inexperienced counsel."). At the hearing on the motion to withdraw, neither Vaughan nor Froelich could point to any instance in which Froelich made a mistake or otherwise proved ineffective. Vaughan did not renew his motion prior to the sentencing hearing or after the court's sentencing order. Indeed, he enjoyed the full participation of both Cohen and Froelich at sentencing, and they made numerous objections to the

government's position under the sentencing guidelines.

In sum, the record makes clear that Vaughan had the services of both of his lawyers at critical times throughout his case. Neither the alleged lack of communication between his retained and local counsel nor the inexperience of his local counsel required substitution or withdrawal under our cases. Accordingly, the district court did not abuse its discretion in denying the motions.

IV. Breach of Plea Agreement

We review de novo whether the government breached a plea agreement. *United States v. Fortier*, 180 F.3d 1217, 1223 (10th Cir. 1999).

Vaughan alleges that the government failed, as promised in the plea agreement, "fully to inform the Court of the nature, extent, and value of any cooperation rendered by the defendant." In particular, he alleges that the government failed to inform the district court that he met with and provided information to several government agents. Nothing in the record, however, supports this claim, *see* Aplt. Br. at 33 n.10 ("The government memorandum describing Mr. Vaughan's cooperation is not part of the record on appeal."), nor does Vaughan point to any other evidence that the government breached the plea agreement. Therefore, we have no basis to remand for resentencing on the grounds that the government breached the plea agreement.

## V.  *Blakely v. Washington*

Finally, Vaughan argues in a Supplemental Opening Brief that his sentences for money laundering and conspiracy to commit wire fraud should be vacated in light of *Blakely v. Washington*, __ U.S. __, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004).  In particular, he argues that the United States Sentencing Guidelines "are unconstitutional in toto" and that therefore he "must be sentenced under a purely discretionary scheme."  Aplt. Supp. Open. Br. at 16.[2]

Given that Vaughan did not raise this argument at the sentencing hearing, we review only for plain error.  Under plain error review, we will correct an error in the following circumstances: (1) there is an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *United States v. Cotton*, 535 U.S. 625, 631 (2002).  When a defendant raises a *Blakely* issue on appeal, the fourth prong of the plain error test is not met if the evidence underlying the sentencing enhancements was "overwhelming" or was conceded by the defendant.  *United States v. Maldonado-Ramires*, 384 F.3d 1228, 1231 n.1 (10th Cir. 2004); *United States v. Badilla*, 383 F.3d 1137, 1143 n.4 (10th Cir. 2004).

---

[2] We are aware that *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), and *United States v. Fanfan*, 2004 WL 1723114 (D. Me. June 28, 2004) are currently pending in the Supreme Court.

Vaughan's sentence was enhanced for (i) causing an amount of consumer loss over $10 million, (ii) defrauding more than one victim, (iii) committing an offense through mass marketing, (iv) violating a prior order, and (v) leading a criminal activity involving five or more participants. Vaughan admitted in the plea agreement to all five of these facts. Under these circumstances, therefore, Vaughan has failed to show that any sentencing error under an extension of *Blakely* would seriously affect the fairness, integrity, or public reputation of the judicial proceedings in this case. Therefore, we decline to vacate his sentence under plain error review.

## VI. Conclusion

For the foregoing reasons, we AFFIRM and REMAND for correction of the judgment and commitment order.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge