FILED
United States Court of Appeals
Tenth Circuit

July 22, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ANDRE LAMARR LAW,

     Defendant - Appellant.

No. 13-6180
(D.C. No. 5:12-CR-00258-D-1)
(W. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **SEYMOUR**, and **PHILLIPS**, Circuit Judges.

Andre Law entered a conditional plea of guilty to possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1), reserving his right to appeal the district court's denial of his motion to suppress evidence seized during a traffic stop and its denial of his motion to dismiss the indictment for lack of jurisdiction. He appeals, and we affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On July 15, 2012, based on police surveillance of Mr. Law and a companion purchasing guns at a gun show, Sergeant Greg Bell and his partner were asked to continue surveillance of the two men after they left the gun show together in a car. It was suggested the officers should conduct a traffic stop if possible.

They identified the car and followed it onto the interstate where there was moderate traffic. The car, which was traveling between fifty and sixty miles per hour, switched lanes and pulled within a car length of another car. When it remained fifteen to twenty feet behind the other car for a span of four or five blocks, the officers initiated a traffic stop based on their belief that the driver was following too closely in violation of Okla. Stat. tit. 47, § 11-310. Sgt. Bell and his partner approached the vehicle on either side, and from the passenger side Sgt. Bell asked Mr. Law for identification, which he did not have. When Mr. Law's companion in the driver seat reached for the glove box, Mr. Law shifted, revealing to Sgt. Bell the grip of a handgun inside Mr. Law's pants pocket. Sgt. Bell inquired about the gun, and Mr. Law admitted to having one. Sgt. Bell had him exit the car, handcuffed him for officer safety and because he was carrying a concealed firearm, and removed the gun from his pocket. Sgt. Bell also noticed bullets on the floor below the passenger seat. After learning that Mr. Law had a

deferred sentence for a drug offense,[1] he arrested him.

Mr. Law was indicted for possessing a firearm after a prior felony conviction in violation of § 922(g)(1). He filed motions to suppress the evidence seized from the traffic stop and to dismiss the case for want of jurisdiction. After the district court denied both motions, he entered a conditional guilty plea, reserving the right to appeal the court's denial of his motions. The district court entered judgment, and Mr. Law timely appealed.

## II

Mr. Law first contends the district court erred in denying his motion to suppress based on its finding that Sgt. Bell had reasonable suspicion to conduct a traffic stop under § 11-310(a). In reviewing the denial of a motion to suppress, we view the evidence in the light most favorable to the government, accepting the factual findings of the district court unless they are clearly erroneous. *United States v. Cash*, 733 F.3d 1264, 1272-73 (10th Cir. 2013). We review the ultimate determination of reasonableness under the Fourth Amendment de novo. *Id.* at 1273.

A traffic stop is proper where an officer has either "probable cause to

---

[1] Mr. Law was charged on June 22, 2007, with possession of a controlled substance with intent to distribute in violation of Okla. Stat. tit. 63, § 2-401. On July 16, 2008, he pled guilty and received a five-year deferred sentence.

believe a traffic violation has occurred" or a "reasonable articulable suspicion" that a driver has violated a traffic regulation. *United States v. Winder*, 557 F.3d 1129, 1134 (10th Cir. 2009). To have a reasonable articulable suspicion, an officer must have "some minimal level of objective justification for making the stop." *Id.* (quoting *United States v. Vercher*, 358 F.3d 1257, 1261 (10th Cir. 2004)) (internal quotation marks omitted). The officer's subjective motivation for the stop is irrelevant to the determination of reasonableness under the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 810-13 (1996). An officer is not required to "'rule out the possibility of innocent conduct' as long as the totality of the circumstances suffices to form 'a particularized and objective basis' for a traffic stop." *Vercher*, 358 F.3d at 1261 (citations omitted).

Section 11-310(a) prohibits a driver from "follow[ing] another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Defendant contends that § 11-310(a) is a subjective statute unable to provide the objective justification necessary to support a lawful traffic stop. We disagree.

In *Vercher*, we held that an officer's consideration of the high speed (seventy miles per hour) and close distance between cars (twenty to twenty-five feet) on a rural interstate, provided "the requisite minimal level of objective justification to suspect that K.S.A. § 8-1523(a) had been violated." 358 F.3d at 1259, 1262-63. The following-too-closely Kansas statute in *Vercher*, § 8-1523(a),

is identical to § 11-310(a).  *See id.* at 1260.  Like the officer in *Vercher*, Sgt. Bell

based his suspicion on the car's speed and close following distance in the traffic

conditions present.[2]  These factors—car speed, close following distance, and non-

busy traffic conditions—are sufficient to provide a "particularized and objective

basis" to conclude the car was following more closely than was "reasonable and

prudent."  Sgt. Bell's subjective intent "play[s] no role" in determining the traffic

stop's reasonableness.  *Whren*, 517 U.S. at 813.  Thus, Sgt. Bell had a reasonable

suspicion that the car in which Mr. Law was a passenger was following too

closely in violation of § 11-310(a), and the district court did not err in denying his

motion to suppress.

**III**

Mr. Law next contends the district court erred in denying his motion to

dismiss for want of jurisdiction, arguing his guilty plea followed by a deferred

sentence does not constitute a "conviction" for purposes of § 922(g).  Whether a

deferred sentence constitutes a "conviction" under § 922(g)(1) is a question of

---

[2] In *Vercher*, we noted that while the district court did not find the traffic conditions were taken into account by the officer, the videotape showed the traffic conditions—"relatively few vehicles driving on the road"—were "patently apparent."  358 F.3d at 1262.  Here Sgt. Bell testified that there was "moderate" traffic and that it was not "busy" as it was a weekend.  Aplt. App., vol. II at 38. In neither case, was there "commuter traffic on congested roads."  *See Vercher*, 358 F.3d at 1260 (noting the decision may have been different if there had been "commuter traffic on congested roads").

law we review de novo.  *See United States v. Farr*, 701 F.3d 1274, 1286 (10th Cir. 2012); *cf. United States v. Ko*, 739 F.3d 558, 560 (10th Cir. 2014).

Under § 922(g), a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year," may not possess a firearm or ammunition.  What constitutes a predicate felony within the meaning of § 922(g) is controlled by Oklahoma law.  *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (pursuant to 18 U.S.C. § 921(a)(20), courts look to state law to determine whether a defendant has been convicted of a felony).

Under Oklahoma law there is a general first-time offender provision for sentence deferrals, Okla. Stat. tit. 22, § 991c, and a specific first-time drug offender provision for sentence deferrals,  Okla. Stat. tit. 63, § 2-410.  While, a deferred sentence under § 991c is not a "conviction," *United States v. Stober*, 604 F.2d 1274, 1276-78 (10th Cir. 1979) (applying Oklahoma law), a deferred sentence under § 2-410 is a "conviction" "during th[e] deferral period."  *Platt v. State*, 188 P.3d 196, 198-99 (Okla. 2008).

Section 2-410 initially provided deferred sentences only to defendants found guilty of possession of a controlled substance under Okla. Stat. tit. 63, § 2-402.  § 2-410 (1971).  But in June 2008, § 2-410's purview was extended to any first-time violation of Oklahoma's Uniform Controlled Dangerous Substances Act, §§ 2-101 to -610.  § 2-410 (2008).

Mr. Law contends his sentence was deferred under § 991c rather than

§ 2-410 because § 2-410 was limited to § 2-402 offenses when he was charged in 2007 with violating § 2-401. But this argument is based on the flawed assumption that the charging date is the date from which we determine the applicable law. Instead, the date a defendant pleads guilty and receives a deferred sentence is the "material date" that determines which version of § 2-410 governs his deferral. *See Hefner v. State*, 542 P.2d 527, 531 (Okla. 1975) (using date defendant pled guilty and received deferred sentence as date from which to determine effective law). Mr. Law pled guilty to possession of marijuana with intent to distribute, a violation of Oklahoma's Uniform Controlled Dangerous Controlled Substances Act, and received a five-year deferred sentence on July 16, 2008, *see supra* note 1, more than a month after the amended § 2-410 became effective. The amended § 2-410 therefore applies to his deferred sentence, which means that during his five-year deferral period Mr. Law had a "conviction" for the purpose of satisfying the predicate felony requirement for the crime of felon in possession of a firearm or ammunition.

Mr. Law also contends that applying § 2-410 to him is an unconstitutional application of ex post facto law. We decline to address the merits of this argument as it does not fall within the scope of the appellate rights Mr. Law reserved. Where a defendant agrees to a conditional plea, reserving the right to appeal the district court's denial of a motion, we refuse to consider other theories beyond those presented to the district court. *United States v. Anderson*, 374 F.3d

955, 958 (10th Cir. 2004) ("[W]e refuse[] to consider on appeal specific suppression-of-the-evidence theories not presented to the district court, even though the parties had raised a different suppression-of-the-evidence argument below."). Mr. Law did not raise his ex post facto argument below, placing it beyond the scope of his motion to dismiss for lack of jurisdiction and not preserved for appeal.

**IV**

Finally, Mr. Law asserts that he was not provided proper notice of his status as a convicted felon. Even assuming this is true, such knowledge is not required for a defendant's conviction under § 922(g). *See United States v. Games-Perez*, 667 F.3d 1136, 1140 (10th Cir. 2012) ("Our circuit has expressly held that 'the only knowledge required for a § 922(g) conviction is knowledge that the instrument possessed is a firearm.'" (quoting *United States v. Capps*, 77 F.3d 350, 352 (10th Cir. 1996))).

Mr. Law also contends he was entitled to more process than he received before his deferred sentence was deemed a conviction. A defendant's entry of a guilty plea that results in a conviction by operation of law violates due process if the plea is not voluntary and knowing. *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969). But Mr. Law does not claim his plea was involuntary or unknowing. He received the process required for his "conviction" when he pled guilty and

received a deferred sentence under § 2-410.

## V

We AFFIRM the district court's denial of defendant's motion to suppress and motion to dismiss.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

13-6180, *United States v. Law*

**GORSUCH**, Circuit Judge, concurring.

Two significant questions lurk just beneath the surface of this appeal. First, my colleagues correctly note that — under controlling circuit precedent — the government didn't have to prove Mr. Law knew he was a felon in order to convict him for violating 18 U.S.C. § 922(g) and § 924(a).  But while we must obey this precedent, that doesn't make it right.  In fact, our precedent is impossible to square with the plain language of the governing statutes.  *See United States v. Games-Perez*, 667 F.3d 1136, 1142-46 (10th Cir. 2012) (Gorsuch, J., concurring).  And as this case shows, the issue (and our error) recurs regularly.

Second, we might have had a more difficult time resolving this case if Mr. Law had challenged Oklahoma's "following too closely" traffic ordinance on the ground that it failed to afford a reasonable person in his shoes notice that his conduct was illegal.  As it is, though, Mr. Law didn't press a Fourteenth Amendment due process void-for-vagueness challenge but only a Fourth Amendment search-and-seizure argument.  And, as my colleagues explain, respect for circuit precedent — *United States v. Vercher*, 358 F.3d 1257 (10th Cir. 2004) — compels us to reject that particular argument as well.