**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BRADLEY PAUL ARTHURS,

      Defendant - Appellant.

No. 15-6023
(D.C. No. 5:14-CR-00243-HE-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **GORSUCH**, and **MORITZ**, Circuit Judges.

Early one summer's morning a caller asked sheriff's deputies to check out a suspicious truck parked near a quiet country road in Oklahoma County. The deputies obliged and when they arrived on the scene they found Bradley Arthurs alone and passed out behind the wheel, with his truck's engine running and the headlights on. As they helped a clearly intoxicated Mr. Arthurs out of his truck, the deputies noticed a gun wedged between the driver seat and the console. And that discovery eventually led to Mr. Arthurs' indictment, for it turns out he was a felon barred by federal law from possessing a firearm. 18 U.S.C. § 922(g)(1). At

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the end of it all, a jury found Mr. Arthurs guilty of the charge against him, and it is this result and the sentence that followed that Mr. Arthurs now asks us to undo.

We begin with Mr. Arthurs' challenges to the jury instructions. At trial, Mr. Arthurs criticized the government for failing to conduct DNA or fingerprint tests on the gun and for trying to prove that he knowingly possessed the gun simply by virtue of his proximity to it, his ownership of the truck, and the absence of anyone else around. At the close of trial, though, the district court advised the jury that, while the government of course had to prove its case beyond a reasonable doubt, it wasn't obliged to prove its case by any particular method of otherwise admissible proof. Mr. Arthurs contends this much was error but we don't see how, for circumstantial evidence is usually as admissible as (and sometimes as or more telling than) direct evidence. Indeed, this court has already approved similar instructions in similar circumstances, and we see no reasoned basis on which we might reach a different result here. *See, e.g.*, *United States v. Cota-Meza*, 367 F.3d 1218, 1223 (10th Cir. 2004); *United States v. Trent*, 767 F.3d 1046, 1051 (10th Cir. 2014); *United States v. Johnson*, 479 F. App'x 811, 817-18 (10th Cir. 2012).

Mr. Arthurs next objects to the district court's decision to instruct the jury that voluntary intoxication isn't a legally recognized defense to a § 922(g) charge. Mr. Arthurs doesn't dispute that the district court accurately stated the law in its instruction but says the district court erred in giving the instruction anyway

2

because his lawyer never expressly raised intoxication as a defense. Given the undisputed evidence of his intoxication presented at trial, though, we can easily see how a jury might be left wondering whether it could supply a lawful defense, and we cannot see how we might fault the district court for anticipating the question and answering it correctly. Certainly Mr. Arthurs has identified no precedent indicating that a district court necessarily abuses its discretion by giving a jury instruction relevant to the evidence presented at trial, even if not called for by a defense expressly mounted by counsel. *See United States v. Williams*, 403 F.3d 1188, 1197 (10th Cir. 2005) (recognizing that voluntary intoxication is not a defense to being a felon in possession of a firearm).

Mr. Arthurs' last salvo on the jury instructions may be more interesting, but it can prove no more successful in this court at this time. At trial, Mr. Arthurs argued that to prevail under § 922(g) the government must show not only (1) that the defendant *knew* at the time of his conviction he possessed a gun, but also (2) that he *knew* he was a felon. Accordingly, Mr. Arthurs asked for a jury instruction incorporating both of these points. But the district court held that the law doesn't require the government to prove the second of these mens rea elements, only the first, and issued jury instructions in that light. It's well known by now that some of us on this court read the plain language of § 922(g) just as Mr. Arthurs does. But it's also well known that ours remains at this date a minority view, and the district court's instructions comport with this court's

3

binding precedents that all of us are obliged to respect. *See United States v. Capps*, 77 F.3d 350, 352 (10th Cir. 1996); *United States v. Games-Perez*, 667 F.3d 1136, 1140-42 (10th Cir. 2012); *id.* at 1142-46 (Gorsuch, J., concurring in the judgment); *United States v. Law*, 572 F. App'x 644, 648 (10th Cir. 2014) (Gorsuch, J., concurring).

Beyond the jury instructions, Mr. Arthurs alleges that the district court erred by admitting a recording of a jail house phone call he made shortly after his arrest to an unidentified woman. In arguing for the admission of the recording the government claimed that in it Mr. Arthurs made an "adoptive admission" of guilt by remaining silent and choosing not to disagree with the woman's statement that she had warned him before the incident that he "couldn't have that pistol." Mr. Arthurs responds that the government reads far too much into the call and no jury could fairly infer an admission of guilt from a decision not to argue with an important if scolding friend when sitting in jail and needing outside help with bail, lawyers, and the like. But who is right about this much we don't have to decide. We don't because, even if the district court erred in admitting the recording, the remaining evidence presented at trial of Mr. Arthurs' guilt was overwhelming, more than enough to sustain the verdict, and any evidentiary error here could only have been harmless. *See* Fed. R. Crim. P. 52(a). Under our precedents, again, the government only had to show that Mr. Arthurs was a felon who knowingly possessed a firearm. And the facts here show not only that Mr.

Arthurs was indeed a felon. When it comes to his knowing possession, they also show that Mr. Arthurs was found alone in the driver seat of his truck, his truck was parked near a quiet country lane, and a loaded pistol was tucked beside him within easy reach. Neither was there any indication anyone else had been in the truck recently or that the pistol belonged to anyone else. Those facts alone are more than enough to establish an inference of knowing possession. *Cf. Cota-Meza*, 367 F.3d at 1222 ("Tenth Circuit precedent . . . allows the jury to infer that the driver of a vehicle has knowledge of contraband in the vehicle."). But still there's more. For the jury also heard *another* jail house phone call recording, one whose admission isn't contested in this appeal. And in *that* call Mr. Arthurs spoke with an unidentified woman and pleaded with her to say she was in the truck and the gun was hers. Evidence, we don't doubt, a reasonable jury could conclude amounted to proof of a guilty mind. *See United States v. Porter*, 745 F.3d 1035, 1054 (10th Cir. 2014) ("[I]t is beyond peradventure that . . . acts of concealment point in the direction of guilt."); *United States v. Sasso*, 695 F.3d 25, 29 (1st Cir. 2012).

Moving from questions about his conviction to ones about his sentence but still focused on this second phone call, Mr. Arthurs contends that the government failed to prove that he took a "substantial step" toward obstructing justice, rendering the district court's two-level enhancement under U.S.S.G. § 3C1.1 erroneous. But after our own review of the record, we agree with the district

court that the second and unchallenged recorded phone call amounts to just that "substantial step." When the woman asked "[w]hat do you need me to do?" Mr. Arthurs responded, "[s]ay you was in the truck." Why? Mr. Arthurs was frank: because she wouldn't "get as much [time]" as he would. He promised that "if we go into this . . . all my money goes towards your defense" and that he would "put [her] where [she] need[s] to be, home wise, when [she] touch[es] down." These statements appear to us, as they did to the district court, unequivocal evidence of an intent to obstruct justice and a substantial step toward that end. *United States v. Fleming*, 667 F.3d 1098, 1107 (10th Cir. 2011); *see also id.* at 1108 ("[A]ttempting to . . . influence a witness through a third-party intermediary may constitute a substantial step sufficient to justify application of an obstruction of justice enhancement."); *United States v. Fetherolf*, 21 F.3d 998, 1000 (10th Cir. 1994) (affirming the district court's finding that the defendant attempted to obstruct justice when he asked a person to lie to the grand jury).

Mr. Arthurs' final argument proves the only successful one. Here he suggests that the district court erred when it applied a four-level enhancement for possessing a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B). The other felony offense the district court relied upon putatively arose under Oklahoma law and involved the unlawful possession of Trazodone pills which officers found in Mr. Arthurs' truck. On appeal, though, Mr. Arthurs observes that the unlawful possession of Trazodone isn't a felony in

6

Oklahoma. Neither does the government dispute the point, instead fully accepting that the district court's application of the enhancement was error.

Even so the government seeks to avoid a remand for resentencing. Because Mr. Arthurs failed to raise this objection in the district court, the government notes, he must satisfy the plain error doctrine and show (1) error that is (2) plain and that (3) affects his substantial rights and (4) also affects the integrity or reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732 (1993). And the government appears to suggest that Mr. Arthurs' case founders on the third step because the district court could have found him eligible for the same enhancement in light of a trace residue of methamphetamine deputies also found in the truck but which the district court chose not to rely upon at sentencing. Along similar lines, the government seems to suggest no harm was done here to Mr. Arthurs' substantial rights because, even without the enhancement, the district court could have issued the same sentence.

The trouble is that the proper application of the guidelines remains the starting place and anchoring point for all of a district court's sentencing analysis, so any error in their application "most often will[] be sufficient" to show the defendant's substantial rights were affected and the error wasn't harmless. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016); *see also United States v. Sabillon-Umana*, 772 F.3d 1328, 1333 (10th Cir. 2014). The Supreme Court has explained, too, that "[t]his is so" even where (just as the government

7

contends here) the district court could have issued and might still issue the same sentence absent the error. *Molina-Martinez*, 136 S. Ct. at 1345. To be sure, exceptions to this rule exist, including when we can be certain from the record that the district court wasn't swayed by the guidelines and would have issued the same sentence whatever they might have advised. *Sabillon-Umana*, 772 F.3d at 1334. But there is nothing so reassuring as that in this record. Accordingly, *Molina-Martinez* and *Sabillon-Umana* compel the conclusion that the only contested element of the plain error test is met and resentencing in light of correctly applied advisory guidelines is warranted.

Mr. Arthurs' conviction is affirmed and the case is remanded for resentencing.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge